UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEREK JOHN DONNELLY,<br><br>                       Plaintiff,<br><br>    v.<br><br>SNOHOMISH COUNTY CORRECTIONS, et al.,<br><br>                       Defendants. | CASE NO. C14-1054-MJP-MAT<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND RE-NOTING DEFENDANTS' MOTION TO DISMISS |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's request for appointment of counsel. The Court, having reviewed plaintiff's request, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's request for appointment of counsel (Dkt. 17) is DENIED. Plaintiff indicates in his letter requesting counsel that he was recently transferred from the Washington Department of Corrections ("DOC") to the King County Jail ("KCJ") to deal with pending criminal charges and that he was not permitted to bring his legal work with him. He therefore requests that he be assigned counsel, or stand-by counsel, to assist him with this matter.

Plaintiff is advised that there is no right to have counsel appointed in cases brought under

42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has not, at this juncture, demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel at the present time.

(2) While the Court concludes that appointment of counsel is not appropriate at this time, the Court is willing to grant plaintiff some additional time to respond to defendants' pending motion to dismiss given his current lack of access to his legal materials. Plaintiff indicated in a recent letter advising the Court of his temporary change of address that he expected to be at KCJ until the end of October and then to be transferred back to DOC custody. (*See* Dkt. 15.) In an effort to accommodate this schedule, the Court will grant plaintiff an extension of time until **November 24, 2014** to file and serve a response to defendants' pending motion to dismiss. Defendants' motion (Dkt. 16) is RENOTED on the Court's calendar for consideration on **November 28, 2014**.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Marsha J. Pechman.

/ / /

ORDER DENYING PLAINTIFF'S REQUEST
FOR APPOINTMENT OF COUNSEL AND RE-
NOTING DEFENDANTS' MOTION TO DISMISS
PAGE - 2

1 DATED this 29th day of October, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge

ORDER DENYING PLAINTIFF'S REQUEST
FOR APPOINTMENT OF COUNSEL AND RE-
NOTING DEFENDANTS' MOTION TO DISMISS
PAGE - 3