1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEREK JOHN DONNELLY,

                    Plaintiff,

      v.

SNOHOMISH COUNTY CORRECTIONS,
  *et al.*,

                  Defendants.

Case No. C14-1054-MJP-MAT

REPORT AND RECOMMENDATION

14

## INTRODUCTION AND SUMMARY CONCLUSION

15

16

17

18

19

20

21

22

      Plaintiff is a State prisoner who is currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington.  He brings this civil rights action under 42 U.S.C. § 1983 seeking monetary damages and injunctive relief for alleged violations of his constitutional rights arising out of deficiencies in the grievance and appeal system at the Snohomish County Jail.  Plaintiff identifies as defendants in his complaint Snohomish County Corrections ("SCC") and SCC officials Chief Miller, Major Baird, and Captain Parker.  Defendants have filed a motion to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not filed any response to defendants' motion.

23

      The Court, having reviewed plaintiff's complaint, defendants' motion to dismiss, and the

1  balance of the record, concludes that the motion to dismiss should be granted and that plaintiff's

2  complaint and this action should be dismissed with prejudice.

3                                        FACTS

4          Plaintiff alleges in his civil rights complaint that while confined at SCC in early 2014, he

5  was found guilty of two major rule violations and he lost good time as a result of these

6  violations.  (Dkt. 4 at 3.)  Plaintiff asserts that he appealed both of the guilty findings but never

7  received any response to his appeals, despite a jail policy which states that grievances and

8  appeals will be answered in a timely manner.  (*Id*.)  Plaintiff submitted a kite inquiring about the

9  lack of response to his appeals and Captain Parker responded to the kite by asking plaintiff where

10 the appeals were.  (*Id*.)  Plaintiff, in turn, explained to Captain Parker that he sent one of his

11 appeals to Chief Miller and one to Major Baird, the individuals in charge of hearing appeals.

12 (*Id*.)  Plaintiff notes in his complaint that both Chief Miller and Major Baird had been "recently"

13 reassigned to other posts, but he fails to make clear when these reassignments occurred relative

14 to the submission of his appeals.  (*Id*.)

15         Plaintiff provided Captain Parker with the report numbers for the rule violations, but

16 Captain Parker failed to respond back to plaintiff despite plaintiff's repeated submission of kites

17 and grievances.  (*Id*.)  Plaintiff then spoke to another SCC employee about his appeals, an

18 individual identified as "Classification Bloss."   According to plaintiff, Ms. Bloss contacted

19 Captain Parker when plaintiff threatened to file a lawsuit regarding the issue, and Captain Parker

20 indicated that the new Chief or Major should hear plaintiff's appeals.  Plaintiff questions how

21 this would be possible given that the reports regarding the violations had apparently not been

22 found.  (Dkt. 4 at 3.)  Plaintiff contends that the grievance and appeal system at SCC is a farce

23 and violates inmates' constitutional rights.  (*Id*.)

REPORT AND RECOMMENDATION
PAGE - 2

<u>DISCUSSION</u>

Defendants move to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure of plaintiff to state a claim upon which relief may be granted.  Defendants argue in their motion that plaintiff's complaint is legally insufficient under Rule 8(a) of the Federal Rules of Civil Procedure and under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Defendants further argue that plaintiff cannot show any liability under 42 U.S.C. § 1983.

Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted).  The Court also liberally construes a *pro se* pleading.  *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  However, "'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citations omitted).

In order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.  Fed. R. Civ. P. 8(a).  The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a

REPORT AND RECOMMENDATION
PAGE - 3

motion to dismiss, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Plaintiff alleges generally in his complaint that the grievance and appeal system at SCC is constitutionally deficient, and he appears to complain more specifically that grievances and appeals are not responded to in a timely fashion. He suggests that the three individual defendants, Chief Miller, Major Baird, and Captain Parker all failed to timely respond to appeals and/or grievances. Plaintiff fails, however, to identify the constitutional right implicated by defendants' actions or inaction, and the facts alleged do not give rise to any cognizable ground for relief under § 1983.

To the extent plaintiff complains about inadequacies or infirmities in the grievance and appeal process generally, he has not stated a claim upon which relief may be granted because inmates do not have a constitutional entitlement to a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). To the extent plaintiff may intend to complain of the loss of good time credits arising out of some constitutional deficiency in SCC disciplinary proceedings, his claim is foreclosed by

REPORT AND RECOMMENDATION
PAGE - 4

*Edwards v. Balisok*, 520 U.S. 641 (1997), because any constitutional defect, if established, would "necessarily imply the invalidity of his good-time credits." *Id*. at 646.

CONCLUSION

For the foregoing reasons, this Court recommends that defendants' motion to dismiss be granted and that plaintiff's complaint, and this action, be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 30, 2015**.

DATED this 7th day of January, 2015.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5